ARN *v.* CITY OF KANSAS.

(*Circuit Court, W. D. Missouri.* October Term, 1882.)

1. SURFACE WATER—INJURY FROM DIVERTING.

The law regarding surface water is that no individual or corporation can make any change thereof to the injury of any one without being responsible in damages for such injury.

2. MUNICIPAL CORPORATION—INCREASING FLOW OF SURFACE WATER.

If a city constructs a sewer in such a manner that an *additional* flow of surface water into a lot is caused thereby, the owner of such lot may recover such damages as may have been caused by such *increased* flow.

3. SAME—CONSTRUCTING SEWERS—INJURY TO PROPERTY.

 A city, in the progress of constructing its sewerage, is not responsible for any depreciation in the rental value of property caused by the bad smells of a sewer in course of construction, unless it is kept open an unreasonable length of time.

*Bouscaron & Kenyon,* for plaintiff.

*Mr. Twitchell,* for defendant.

KREKEL, D. J., (*charging jury.*) The plaintiff, Arn, brings this suit to recover of the City of Kansas damages for the diminution of the rental value of a house and lot situated at the junction of Nineteenth and Main streets, caused by the foul and filthy discharge of a sewer upon part of the plaintiff's premises, and for the washing away of the soil of part of the lot, thereby damaging the lot itself. It appears that a certain territory now within the city limits of Kansas City naturally drains its surface water across Main street and into a lot adjoining the lot of plaintiff, from which it passes in its natural flow into the lot of plaintiff. It further appears that in 1877 the City of Kansas constructed a culvert across Main street to improve the street, and secure a proper passage over it of the surface water flowing at the place of constructing the culvert. And it still further appears that in 1880 the progress of the city made it necessary to construct a sewer from Walnut street along Eighteenth to Main street, and thence along Main street into the culvert before spoken of, making the culvert a part of the sewer which is now extended into Nineteenth street, thence west and parallel to plaintiff's lot.

The matter in dispute is, *first,* the location of the culvert, it being contended on the part of plaintiff that it is not located in the place of the old drainage, but that the location has been so made as to change the flow of the surface water, thereby causing the water to wash away the soil and injure the value of the lot itself, as well as the rental of the premises. The law regarding surface water is that no change thereof can be made to the injury of any one. No individual or corporation can make such change, and if it is done, and injury is incurred thereby, the wrong-doer is responsible in damages. You are therefore instructed that if you shall find from the testimony that the defendant, the City of Kansas, has constructed the sewer in question, not along the ancient drainage, but so diverted the natural course of the water as to change the force and effect of the flow that the soil of plaintiff's lot was washed away, you should find this issue for plaintiff, and allow him such damage as plaintiff has sustained thereby. But if the jury shall find from the evidence that the sewer in controversy was constructed upon the ancient flow of

the water, they should find this issue for the defendant. It is an undisputed fact that the water flowing through the sewer along Eighteenth street from Walnut to Main, and down Main street, carries off a part of the surface drainage which formerly flowed across Main street, at or near the place of the location of the culvert. But it is contended that by virtue of the improvements along Eighteenth and Main streets an additional amount of water is discharged into this sewer, and that such additional water increased the flow of water into plaintiff's lot, and injury resulted therefrom. Regarding this additional flow of water, if such has been shown to exist, you are instructed that plaintiff has a right to recover such damage as has been done by it to his lot. It is the damage done by the water which may have been added by virtue of the sewer spoken of, and not for the whole water; in other words, if the sewer gathered other than surface water, and damages were done on account of such increase of water, plaintiff may recover such damages.

We now come to the injury which is claimed to have resulted from the discharge of nauseating and filthy water and deposits, affecting the rental value of the premises. Regarding this you are instructed that the City of Kansas, in the progress of constructing its sewerage, is not responsible for the bad smells of a sewer in course of its construction, unless kept open an unreasonable length of time. The reasonableness of the time is to be judged of by the circumstances testified to. If you shall find from the testimony that the sewer testified to was left an unreasonable time in the condition it was, and in consequence of the bad smells thereby created the plaintiff could not rent his house at what it was really worth, you will allow him the difference between the real rental value and the rent he received, and this for the length of time the sewer was left open and plaintiff sustained damages in consequence thereof. As to the washing away of the soil of plaintiff's lot you are instructed that if you shall find from the testimony that an increase of flowing water was caused by the sewer run into the culvert, and that such increase of water contributed to the washing away of the soil of plaintiff's lot, you will allow him such damages on that account as will compensate him for the restoration of the lot to the condition it would have been in had such additional flow of water not taken place.

In your verdict, if you find for the plaintiff, you will find the damages sustained on account of rental value and on account of damages to the lot separately, and then state the whole of the damages allowed. If you find the issues for the defendant, you will so state.